COLLETT, C. J.
The act to provide for recording town plats (22 O. L. 301), in the first section requires of proprietors of towns, .before they sell, to have a plat thereof accurately made out for *778 record,,and the second section .declares ¡th¡e map “¡shall ¡particularly set forth and describe all the .public ground within such town, by its-boundaries, courses, and extent, and the lots ¡intended -for sale by progressive numbers, and their precise length and width.” 'The law subjects the proprietor to a penalty, if he sell before the plat is-recorded, or record a plat which (does not so describe ¡the public ground, ifcc., -and declares that when the plat is ¡so .made, acknowledged, and -recorded, -it shall be deemed a conveyance vesting fhefee in such public ground in the county within which the town is situated, in trust for the uses and ¡purposes .expressed, -or intended to he.
The -law does ¡not declare a -plat of a town not acknowledged, .a-nullity. It would be manifestly unjust -to do so. Th-e.plat is ¡made, recorded, and lots sold, bounded -o.ia streets, &c.; ¡the grantor should not make his own act void, as a consequence of his .own laches. The law does not so intend. If acknowledged -and recorded, the-fee of the public ground is vested in the county in trust, ¡to prevent-disputes as to who holds it. He pays a penalty if he .sell without doing this act for the public-security, »orif foe records an improper plat. If .the plat be recorded without acknowledgment, if is -good evidence of the town .plat, tho-u-gh it .does not vest the fee in tfoe¡county. In such case, the description .of the -streets, &c., and the-sales to them, -would operate by way ,of dedication to vest the public with the use of the streets. In that view this plat w,as ¡a valid-one, though not acknowledged, and the public right to use the-streets was complete by virtue of the dedication, as if acknowledged, and the designation of it had conveyed the fee to thecoupty.
The statute expressly declares streets, &c., of towns public highways, and enjoins it as a d.uty on supervisors to remove obstructions.
The evidence, in our opinion, was competent to prove the facts .assumed, and should have been admitted, if, under the issue, itwas751] *admissible. It is urged that these matters were of justification, and should have been pleaded. It is not necessary now to-decide .that question; it is sufficient for the present case, that we consider such matter evidence under the general issue in mitigation of damages, and it does pot lie in the mouth of the plaintiff to object, that matter in bar of his rightis only used to lessen ¡theamount. he recovers.
The judgment is reversed; and remanded hack.
[Plat .defeating .street must he acknowledged and -recorded;.
*779 Fulton v. Mehrenfeldt, 1 Disney, 151, 153; Doren v. Horton, 1 Disney, 401, 404, 405.]